(No. 76-CC-3122—■

NORBERT MOORLEGHEN, Regional Superintendent of Schools of Clinton-Washington Counties, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed September 19, 1978.*

*Rehearing denied December 31, 1979.*

PER CURIAM.

Claimant, Norbert Moorleghen, the Regional Superintendent of Schools of Clinton-Washington Counties, has brought this action seeking an award in the sum of $914.90. Claimant contends that during the 1975-1976 fiscal year the Clayton-Washington Region was entitled to two payments in the amount of $1,000.00 each to its supervisory expense fund. Claimant bases his action on Section 18—6 of the School Code of Illinois, Ill. Rev. Stat., ch. 122, par. 18—6, which provides:

Supervisory Expense Fund. The superintendent of public instruction shall set aside semi-annually and pay into the State treasury an amount from the State school fund as a county supervisory expense fund, aggregating $500 per county per half-year. He shall draw his warrants upon the State Treasurer monthly in the sum of $83.33, payable to the county superintendent of schools in each county. Each county superintendent of schools may draw upon this fund for the expenses necessarily incurred in providing for supervisory service in his county. On or before October 1 of each year, the county superintendents of schools shall submit to the superintendent of public instruction a certified statement of the expenditures made from this expense fund.

Claimant also relies on a memorandum, dated June 1, 1976, from the assistant legal advisor to the State Superintendent of Education, which interprets Section 18—6 as requiring payment of $1,000.00 per county in a multi-county region, rather than $1,000.00 per region. Claimant contends that each county comprising his region was thus entitled to a separate payment of $1,000.00, but that for the period in question, the region was underpaid by $914.90.

Respondent has moved to dismiss, on the ground that amendatory veto action by Governor Walker resulted in the reduction in payments to the multi-county regions. It appears that Senate Bill 1935 was passed by the 79th General Assembly, providing for $102,000.00 for the supervisory expense fund under Section 18—8 of the School Code. This would have provided $1,000.00 for each of the 102 counties of the State. However, by amendatory veto, the Bill was amended to a reduced amount of $78,000.00, which provided for $1,000.00 for each of the 78 educational service regions within the State.

This Court has only the authority granted it by the legislature to hear and determine claims against the State of Illinois. This Court has no jurisdiction to determine that the Governor acted illegally in exercising his amendatory veto, and has no authority to appropriate funds to

satisfy the requirements of Section 18—6 of the School Code.

It is therefore ordered that this claim be, and hereby is, dismissed.